UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 18-cr-20007

v.

Hon. Nancy G. Edmunds

D-1 JAVONTE ROBERT WILEY
D-2 ANTHONY DEVOR BROWN,

    Defendants.
_____/

## **ORDER GRANTING DEFENDANTS' MOTIONS TO SUPPRESS [50] [51]**

Defendants Javonte Robert Wiley and Anthony Devor Brown are charged by way of indictment with being felons in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The charges arise from guns seized during a traffic stop initiated by Detroit police officers. Pending before the Court are Defendants' motions to suppress. (ECF Nos. 50 and 51.) Defendants, who were passengers in the backseat of the vehicle at the time of their arrest, move to suppress the evidence obtained during the traffic stop claiming that the traffic stop was unlawful. Defendants argue that the police officers lacked probable cause to initiate the traffic stop and conduct the search of the vehicle.

The Government opposes the motions.[1] The Government contends that there was probable cause to initiate the traffic stop because an undercover officer allegedly witnessed the vehicle impeding traffic in front of a night club in Detroit, and then speeding off from the night club at a high rate of speed. The Government claims that the

---

[1] Although the Government waited until the day before the hearing to file its response briefs, the Court nevertheless reviewed and considered the Government's briefs in opposition to Defendants' motions.

undercover officer relayed the traffic violations to marked officers who conducted the traffic stop and subsequent arrest. The Government contends the officers had probable cause to search the vehicle after initiating the traffic stop because the officers smelled marijuana in the vehicle.

The Court held an evidentiary hearing in connection with the motions, which spanned over the course of two days. At the hearing, the Court received testimony from seven different witnesses, including: (1) the driver of the vehicle; (2) the front-seat passenger of the vehicle; (3) an investigator with the Federal Defenders office; (4) Officer Robert Gladwell—the undercover officer who at the time of the arrest was working with Detroit's gang intelligence team; (5) Officer Eric Maxwell—one of the arresting officers; (6) Officer John Gardner—one of the arresting officers; and (7) Officer Brandon Lighter—who was not involved in the arrest. After considering the briefing of the parties, the testimony of the witnesses, and the evidence presented at the hearing, the Court found that the officers did not have probable cause to initiate the traffic stop.

As the Court explained on the record at the hearing, the Government's explanation of probable cause to initiate the traffic stop and the testimony offered in support of its explanation was not credible. The arresting officers testified that they did not actually witness a traffic violation prior to initiating the arrest. Instead, they relied on instructions from Officer Gladwell that a traffic violation had allegedly been committed. Officer Gladwell said he instructed the arresting officers to make the arrest because the vehicle was allegedly impeding traffic in front of the night club, and the driver allegedly sped off at a high rate of speed when leaving the night club. But his testimony was inconsistent, conflicted with other evidence in the record, and did not appear credible.

One issue with Officer Gladwell's testimony is the conflicting testimony concerning whether the vehicle was actually impeding traffic while stationed in front of the night club. While Officer Gladwell claimed that the vehicle was blocking traffic, the driver of the vehicle testified that he was actually waiting in the valet line in front of the night club behind several other vehicles. The driver's testimony was supported by the testimony of both the Federal Defender's investigator and the front-seat passenger.

Another issue is the conflicting testimony about the speed of the vehicle. The testimony established that the vehicle left the night club and travelled approximately a quarter of a mile before stopping at a red light and waiting to make a left turn. Officer Gladwell testified that he observed the vehicle speeding off from the night club at approximately sixty miles per hour. But the Government could not explain how the vehicle could reach such a high rate of speed and then complete a stop at a red light in such a short distance under the circumstances. Moreover, in contradiction to Officer Gladwell's testimony, the driver of the vehicle testified that he pulled away from night club at a speed of approximately fifteen miles per hour. He also testified that he was aware that there were police officers in the area and, as a result, he took extra precautions to obey traffic laws. The driver's testimony was confirmed by the testimony of the front-seat passenger.

Similarly, the officers' claim of smelling marijuana in the vehicle after initiating the traffic stop was not credible. The driver of the vehicle testified that he did not smoke marijuana and did not allow passengers to smoke marijuana while riding in his vehicle. This fact was confirmed by the front-seat passenger. And despite an extensive search of the vehicle, the officers found no traces of marijuana and no drug paraphernalia in the vehicle.

The Government also failed to explain what basis it had to pull over the car directly in front of the Defendants—the car that allegedly was affiliated with the Defendants' vehicle at the night club, left the night club at the exact same time, and was pulled over by a different set of marked officers at the exact same time. The failure to explain why this second vehicle was pulled over lends support to the probability that the police officers decided to pull over both vehicles before the parties even stepped into their vehicles. In other words, the evidence presented at the hearing reflects a situation where the police officers believed that members of a local gang were present at a night club, believed that the passengers of both vehicles were affiliated with the gang, and decided that they were going to initiate a traffic stop when the vehicles left the night club in order to see what they could find. While the officers' mission of preventing future crime and restricting gang activity may be laudable, it did not create probable cause to stop the Defendants' vehicle at the time.

For these reasons, and for the reasons stated on the record at the hearing, Defendants' motions to suppress are **GRANTED**.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 24, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 24, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager